[No. 7185. Decided March 19, 1908.]

SPIRIT VALLEY LUMBER COMPANY, *Respondent*, v. A. H. AVERILL MACHINERY COMPANY, *Appellant*.[1]

SALES — CONTRACTS — SPECIAL WARRANTY — CONSTRUCTION —REMEDIES OF VENDEE. Upon the sale and return of a road locomotive under a special warranty providing that if the engine is returned after a ninety-day test, the vendee shall pay the vendor $1.20 per thousand for all lumber hauled during the test, "less the actual engine expense paid and less the freight money paid by the purchasers," the accounts are balanced where such expense exceeds the toll for hauling lumber; and a judgment in favor of the vendee for the excess of expense and freight paid is unwarranted.

SAME. The purchaser of a road engine is not entitled to recover damages for breach of an implied warranty, where the machine was sold under written general and special warranties, which provided for a ninety-day test and the return of the machine within that time, if not satisfactory, with cancellation of notes for the purchase price and no further claim to be made upon the vendor; the special warranty further providing for certain payments for use of the engine, less sums paid out for engine expense and freight.

SAME—REMEDIES OF VENDOR. Upon the return of an engine for failure to comply with a special warranty providing for a test, the vendor is not entitled to recover for goods and wares placed upon the engine and returned with it at the end of the test.

[1]Reported in 94 Pac. 650.

Appeal from a judgment of the superior court for Spo-
kane county, Poindexter, J., entered July 16, 1907, upon
findings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action on contract. Re-
versed.

*Danson & Williams* (*Fred H. Moore* and *A. C. Shaw*, of
counsel), for appellant.

*O. C. Moore*, for respondent.

Root, J.—This action was brought by respondent to cancel
certain promissory notes given by it in payment of a road
locomotive, and to recover certain damages alleged to be due
it from appellant under the terms of the contract of sale of
said locomotive. From a judgment and decree in favor of
plaintiff, the defendant appeals.

On March 12, 1906, respondent, Spirit Valley Lumber
Company, gave an order to appellant, A. H. Averill Ma-
chinery Company, for the furnishing of one 8x14x12 50
horse power Russell road locomotive, for the agreed price
of $4,800. This order was delivered to appellant's local man-
ager at Spokane, Mr. A. Mitchell, who forwarded same to
appellant's principal office at Portland, Oregon, with the rec-
ommendation that it be accepted. Thereafter appellant did
accept the order, with certain changes, and furnished the ma-
chinery pursuant thereto. This order was in part on the
ordinary printed blank used by appellant in taking such
orders, but the remainder, and the portion out of which this
litigation arises, was prepared in Spokane under the super-
vision of the attorney for respondent, Spirit Valley Lumber
Company. This addition to the printed form of contract, and ·
which was prepared by respondent, and out of which the ques-
tions involved in this action arise, is as follows:

"The engine mentioned in the attached contract is guar-
anteed to haul 25,000 feet of dry pine or fir lumber each trip
from the mill to Newport, Wash., a distance of about seven
miles, over ordinarily good roads, with medium grades, made

especially for engine work. Weather conditions permitting two round trips are to be made each day of 24 hours from the mill to Newport. It is agreed that the purchasers shall furnish a capable crew to load lumber at the mill and to unload the same at Newport, and that the work shall be done with dispatch so that the engine may be enabled to make the trip in the required time. The purchasers further agree that delays on account of trouble with wagon train, or any other cause outside of the engine itself, shall not be chargeable to the engine under this special warranty. It is agreed that the average cost of repairs for keeping the engine in good working order shall not exceed $100 per month. The purchasers agree to furnish a train crew, and further agree to furnish at their expense all fuel and water as it may be required. This special warranty is to extend over a period of 90 days from date of the delivery of the engine at Newport, Wash., after which period the regular printed warranty only is to apply. If the engine fails to fulfill the special warranty it is to be returned to the A. H. Averill Machinery Company at Newport, Wash., as soon as failure is discovered and within 90 days from the date of delivery of the engine. In the event of the engine being returned under the special warranty, it is agreed that the A. H. Averill Machinery Company is to receive from the purchasers the sum of $1.20 per 1000 feet for all lumber hauled from the mill to Newport during the test, less the actual engine expense paid, and less the freight money paid by the purchasers, and all notes and mortgages given in settlement for engine shall be returned to the purchasers, who agree to make no further claim of any kind against the A. H. Averill Machinery Company under the warranty given. The purchaser is hereby given the privilege of hauling logs with said engine and using same in its general sawmill business, and said use shall not vitiate any of the terms of this agreement."

The machinery was delivered to respondent and used by it for the ninety days provided by the contract, and was then returned. After the return of this machinery, respondent commenced this action to recover the sum of $705.25 freight money paid, and $2,389.41 which it was alleged "plaintiffs expended for material used in repairs, labor, fuel and water, all constituting actual and necessary operating expenses."

Demand was further made for the return of certain notes which were given by respondent as evidence of the purchase price. Judgment was demanded in the sum of $3,094.66, with interest, and for the return of said notes. Appellant in its answer admitted the contract, which was attached as an exhibit to the complaint, admitted that respondent had paid the sum of $705.25 freight money, admitted the possession of the notes given as part of the purchase price of the engine, and alleged a willingness to return such notes to respondent. The remainder of the material allegations of the complaint were denied. An affirmative defense and counterclaim was also alleged, by which appellant claimed a recovery of $322.02 and interest for goods, wares and merchandise furnished. A judgment was entered in favor of respondent, in the sum of $1,583.91, and interest and costs, and the decree directed the surrender and cancellation of the appellant's promissory notes.

The principal controversy arises over the construction of the portion of the contract hereinbefore set forth. Appellant contends that the respondent was entitled to offset freight money and actual engine expenses only to the extent of the amount which should be found due at the end of the ninety days for hauling the lumber, whereas respondent contends, and the lower court held, that respondent was entitled to collect all of the amount it might pay as freight money and actual engine expense, less the amount earned by the appellant in hauling lumber.

It seems to us that the terms of the contract clearly sustain the contention of appellant. There is no agreement to pay respondent anything. There is a positive agreement to pay the appellant $1.20 per thousand feet for all lumber hauled, "less the actual engine expense paid, and less the freight money paid by the purchasers." These terms were to apply in the event of the engine being returned within the ninety days, which was done. The amount due for hauling the lumber was $1,188.27. Against this, respondent was entitled to

charge $705.25 freight money paid, and such actual engine expenses as it was required to pay. After deducting the freight money, there would be a balance of $483.02 of the amount due for hauling lumber. There is considerable conflict as to the items which the respondent claims to have paid as engine expenses, but we think it satisfactorily appears that the amount which it rightfully paid as such expenses was sufficient, together with the freight money, to equal the total sum due appellant for hauling lumber. These accounts must, therefore, be treated as balanced.

Respondent contends that it was entitled to recover on a breach of warranty implied as a matter of law, in addition to any allowance to it by reason of the portion of the contract quoted. We think other provisions of the contract defeat this contention. Some of them are as follows:

"The above mentioned engine sold under regular warranty as printed on contract blank and in addition thereto under the special warranty hereto attached and made a part of this contract except as modified by the hereto attached typewritten provision . . .

"If said machinery, or any part thereof, shall fail to fill this warranty, written notice shall be given to the A. H. Averill Machinery Co., Portland, Oregon, and to the party through whom the machinery was purchased, stating wherein it fails to fill the warranty, and time, opportunity and friendly assistance given to reach the machinery and remedy any defects. If the defective machinery cannot then be made to fill the warranty, it shall be returned by the purchaser to the place where received, and another furnished on the same terms of warranty, or money and notes to the amount represented by purchase price of the defective machinery, shall be returned and no further claim be made on the Russell & Company, or the A. H. Averill Machinery Co. Continued possession or use of the machinery for six (6) days shall be conclusive evidence that the warranty is fulfilled to the full satisfaction of the purchaser, who agrees thereafter to make no further claim on the Russell & Company, or the A. H. Averill Machinery Co. under warranty. Last provision not in force during period covered by special warranty."

It seems to us that, under the pleadings as we find them, any allowance to respondent must be by virtue of the special provision which the parties attached to the ordinary contract form.

Appellant claims $322.02 as due for goods, wares, and merchandise sold respondent in addition to the engine. It appears, however, that all of these goods were placed upon the engine, and surrendered with it to the appellant at the end of the ninety days, and under the circumstances of the case are not chargeable against respondent.

The judgment of the honorable superior court is reversed, with directions to enter a decree directing the surrender and cancellation of the promissory notes, but allowing no money recovery to either of the parties; the costs in this court to appellant.

HADLEY, C. J., FULLERTON, CROW, and MOUNT, JJ., concur.